O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3949 AHM (SSx) | Date | October 16, 2008 |
|---|---|---|---|

| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES  v. MICHAEL L. BULLOCK, *et al.* |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiff: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**       IN CHAMBERS (No Proceedings Held)


## I.    INTRODUCTION

On June 17, 2008, Plaintiff Board of Trustees of the IATSE Local 33 Section 401(k) Plan, a self-directed or participant directed employee benefit pension plan, sued Defendants Michael L. Bullock (individually and doing business as Innovative Employee Benefits Programs), Securities America, Inc. ("SAI"), and Massachusetts Financial Services Company ("MFS").  Plaintiff claims that Bullock provided investment advice to the Plan, that SAI (a broker-dealer) assisted him, and that together they arranged for the Plan to invest in a mutual fund operated by MFS.  The Defendants allegedly received fees from the Plan as a result of their investment services.  Plaintiff claims that Bullock and SAI entered into secret agreements with MFS that deprived Plaintiff and its trustees of material information concerning the services the Plan was receiving and the monies it was paying for those services.  The complaint alleges that the Securities and Exchange Commission censured MFS and that the NASD fined SAI and charged Bullock with violating NASD rules.  The complaint includes eight causes of action under ERISA and California Business and Professions Code § 17200 *et seq*.

On August 13, 2008, Defendants moved to dismiss the case.  At the time the motions were filed, Defendants Bullock and SAI advised Plaintiff that they had discovered a Pre-Dispute Arbitration Agreement ("Arbitration Agreement") drafted by SAI and executed by Plaintiff that applied to this controversy.  On September 3, 2008, the parties filed a Joint Stipulation stating that Plaintiff agreed to arbitrate this matter.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES  v. MICHAEL L. BULLOCK, *et al.* | | |

Docket No. 38 at 2.  In addition, the Joint Stipulation stated that "counsel for [MFS] does not agree that the arbitration clause applies to it, but agrees to defer the briefing and hearing on the 12(b)(6) Motions while these issues are resolved." *Id.*  The Stipulation requested a continuance on the Motions to Dismiss, which the Court granted, setting the hearing on those motions for October 27, 2008.  Docket No. 39.

The Stipulation also stated that the parties disagreed "as to the scope and appropriate arbitral forum designated by plaintiff under the arbitration clause," and that "Counsel for plaintiff, Bullock and SAI agree that if agreement cannot be reached on the appropriate arbitral forum, this issue should be presented to and resolved by the Court before the 12(b)(6) Motions are fully briefed and argued." *Id.*

On September 11, 2008, Defendant SAI filed a petition with the Court seeking to compel arbitration at the Financial Industry Regulatory Authority ("FINRA").  Defendant Bullock joined this petition.[1]  Plaintiff opposes the petition and contends that this Court should leave it to an arbitrator from the American Arbitration Association ("AAA") to decide which arbitral forum is appropriate.  In the alternative, it petitions the Court to compel arbitration before AAA on the merits of the case.[2]  As stated above, MFS does not agree that the claims asserted against it should be resolved through arbitration, and MFS filed no papers in response to the petition. Plaintiff nevertheless asks that if the Court holds that FINRA is the appropriate forum it should order MFS to arbitrate. Defendants Bullock and SAI, and Plaintiff waived oral argument, and the Court took the matter under submission.  Docket Nos. 46, 47.

The Court holds that it is the appropriate forum for deciding this matter and that the language of the Arbitration Agreement unambiguously specifies FINRA as the arbitration forum.  Thus, the Court GRANTS Defendants' petition to compel arbitration at FINRA and DENIES Plaintiff's petition to compel arbitration before AAA.  It also DENIES Plaintiff's request to order MFS to arbitrate because that request should be made in a separate and properly noticed motion.

---

[1] Docket Nos. 40, 41.

[2] Docket No. 42.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES  v. MICHAEL L. BULLOCK, *et al.* | | |

## II.    FACTUAL BACKGROUND

On September 18, 1997, Plaintiff executed SAI's "New Account Application," which states "I HEREBY ACKNOWLEDGE THAT I AM IN RECEIPT AND HAVE READ, UNDERSTOOD AND AGREED TO THE TERMS SET FORTH IN THE SAI CLIENT AGREEMENT AND THAT THIS ACCOUNT IS GOVERNED BY A PRE-DISPUTE ARBITRATION AGREEMENT WHICH I HAVE READ AND UNDERSTAND." Ex. 1 to Defs.' Petition.  It appears that the Application was also signed by Defendant Bullock, whom Plaintiff alleges was "an advisory affiliate of SAI" whose "actions and inactions were directly or indirectly controlled by SAI." *Id.*; Compl. ¶ 8.

The "Securities America, Inc. Account Pre-Dispute Arbitration Agreement" states,

I agree that all controversies that may arise between us concerning any order or transactions, or the continuation, performance or breach of this or any other agreement between us, whether entered into before, on, or after the date this account is opened, shall be determined by arbitration before a panel of independent arbitrators set up by either the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc. as I may designate.  I may also designate the American Arbitration Association or any other industry forum only to the extent expressly provided as an alternative under the securities laws of my state of residence.

Ex. 1 to Defs.' Petition.  Defendant SAI states, and Plaintiff does not contest, that "[s]ince the parties executed the Agreement, the NYSE and the National Association of Securities Dealers engaged in a consolidation of their arbitration departments resulting in one arbitration department now administered by FINRA."  Defs. Petition at 3 n.2.

The Arbitration Agreement also contains a choice-of-law clause stating that "[t]his agreement and its enforcement shall be governed by the laws of the State of Nebraska . . . ."  Ex. 1 to Defs.' Petition.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES  v. MICHAEL L. BULLOCK, *et al.* | | |

After SAI informed Plaintiff that it had discovered this Arbitration Agreement, Plaintiff designated AAA as its choice of arbitral forum.  Ex. 2 to Defs.' Petition.  SAI objected that this designation was contrary to the language of the Arbitration Agreement, and designated FINRA as the arbitral forum.  Ex. 3 to Defs.' Petition.

## III.  DISCUSSION

Defendants assert in their petition that the plain language of the Arbitration Agreement requires the dispute to be arbitrated by FINRA.  Plaintiff makes two arguments in opposition.  First, Plaintiff argues that the interpretation of the forum selection clause is a matter for an arbitrator, rather than this Court, to decide.  Second, Plaintiff  argues that if this Court holds that it may determine the proper arbitral forum to decide the merits of the controversy, it should order that the case be arbitrated before AAA.

### 1.    The Proper Forum for Deciding Who Should Arbitrate the Merits

Plaintiff argues that two U.S. Supreme Court cases require an arbitrator, rather than a court, to interpret the arbitral forum selection clause at issue in this case.  The Court rejects this argument, because the question of who should arbitrate this dispute is  a "gateway matter" that contracting parties would likely have expected a court to decide.

Plaintiff first cites *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002).  In that case the parties agreed that their dispute should be arbitrated by the National Association of Securities Dealers (NASD).  Dean Witter then filed suit in Federal District Court, seeking a declaration that the dispute was ineligible for arbitration under NASD's rule prohibiting arbitration if six years have elapsed from the event giving rise to the dispute.  The Supreme Court held that NASD's rules were to be applied by NASD, not by the District Court, because the issue was not a "question of arbitrability"—*i.e.*, "whether the parties have submitted a particular dispute to arbitration."  *Id.* at 83-85.  The underlying concern that motivated the Court to consider whether the suit presented such a question was that the parties not be forced "to arbitrate a matter that they may well not have agreed to arbitrate."  *Id.* at 83-84.  The Court's conclusion that the parties did not intend a court to interpret NASD's rule was supported by the fact that "the NASD

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | | Date | October 16, 2008 |
|---|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES  v. MICHAEL L. BULLOCK, *et al.* | | | |

arbitrators, comparatively more expert about the meaning of their own rule, are comparatively better able to interpret and apply it.  In the absence of any statement to the contrary in the arbitration agreement, it is reasonable to infer that the parties intended the agreement to reflect that understanding."  *Id.* at 85.

The Supreme Court came to a similar conclusion in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003).  In that case the parties disagreed whether their arbitration agreement permitted class arbitration.  The Court held that this was a question for the arbitrator to decide in part because the parties agreed to arbitrate "[a]ll disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract."  *Id.* at 451.  "And if there is doubt about . . . the 'scope of arbitral issues' . . . we should resolve that doubt 'in favor of arbitration.'" *Id.* (citations omitted).  The Court noted, however, that

> In certain limited circumstances, courts assume that the parties intended courts, not arbitrators, to decide a particular arbitration matter (in the absence of "clea[r] and unmistakabl[e]" evidence to the contrary).  These limited instances typically involve matters of a kind that "contracting parties would likely have expected a court" to decide.  They include certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy.

*Id.* at 452 (citations omitted).  The Court held that the question of class arbitration did not fall into this exception because "[i]t concerns neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties.  *Id.*  Further, the question of what kind of arbitration proceedings the parties agreed to concerned contract interpretation and arbitration procedures, and the contract had "sweeping language concerning the scope of the questions committed to arbitration . . . ."  *Id.* at 453.

Neither of these cases addresses the precise question at issue in this petition: *who* should arbitrate a dispute that the parties agree is subject to arbitration?  Although this is not a "question of arbitrability" in the sense that the parties all agree that the dispute must be arbitrated, neither is it an issue of how to interpret the arbiter's rules, or what kind of arbitration is permissible under the terms of the contract.  Those latter two issues are the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES  v. MICHAEL L. BULLOCK, *et al.* | | |

kinds of questions that an arbitrator can answer.  By contrast, the question in this case, like questions of arbitrability, is more like a "gateway matter" that must be resolved in order for the case to go to an arbitrator.  Thus, if the Court does not determine which arbitral forum should handle the merits of this suit then the case will be at a standstill because the parties cannot agree on that question or on who should decide the question.

Plaintiff would have the Court send the matter to AAA, but the Court would have no basis for doing so unless it interpreted the contract's forum selection clause—the very thing Plaintiff does not want the Court to do.  Plaintiff points out that AAA's rules permit the arbitrator to rule on his or her own jurisdiction, but that is of no consequence.  If FINRA's rules also permit the arbitrator to determine his or her own jurisdiction, as they probably do, then there would be nothing to stop Plaintiff from going to AAA and Defendant from going to FINRA to rule on which is the proper forum.  If the arbitrators' rulings conflicted, presumably the parties would then come to this Court for a resolution.  It is not reasonable to think that this is the procedure the parties intended when they executed the Arbitration Agreement, despite the broad scope of the questions the parties committed to arbitration.  Rather, this is the kind of matter that "'contracting parties would likely have expected a court' to decide." *Green Tree Financial Corp.*, 539 U.S. at 452 (citing *Howsam*, 537 U.S. at 83).  This conclusion is supported by the Joint Stipulation stating that Plaintiff, Bullock and SAI agreed "that if agreement cannot be reached on the appropriate arbitral forum, this issue should be presented to and resolved by the Court . . . ."  Docket No. 38 at 2.

Plaintiff states that "[i]t does not appear that this specific issue has been addressed under Nebraska law, the law that the Petitioning Defendants contend applies here, or under California law."  Pl. Opp. at 6.  Apart from the Supreme Court cases discussed above, the cases cited by Plaintiff are not binding authority, and they are either distinguishable or do not offer persuasive reasoning.  *See Richard C. Young & Co., Ltd. v. Leventhal D.D.S., M.S.*, 389 F.3d 1, 2-5 (1st Cir. 2004) (AAA must designate state for arbitral proceedings where contract stated that "the disagreement will be submitted for arbitration to the American Arbitration Association in Boston, Massachusetts"); *Gill v. World Inspection Network Int'l, Inc.*, No. 06-CV-3187, 2006 WL 2166821, at *4 (E.D.N.Y. July 31, 2006) (denying preliminary injunction where parties disputed which city the arbitration should take place in, because Plaintiff "not likely to be able to show

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3949 AHM (SSx) | | Date | October 16, 2008 |
|---|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES  v. MICHAEL L. BULLOCK, *et al.* | | | |

that it is a substantive gateway issue for a court to decide, under *Howsam*."); *Ciago v. Ameriquest Mortgage Co.*, 295 F. Supp. 2d 324, 329-31 (S.D.N.Y. 2003) (AAA must interpret forum selection provision providing for arbitration in California where agreement specified that arbitrator is to be selected from list prepared by the AAA).

In sum, because the question of which arbitrator should decide this case is a "gateway matter," and because Plaintiff stipulated to having this question decided by this Court, the Court holds that it is the proper forum to decide this issue.

### 2.      Meaning of the Forum Selection Clause

The forum selection provision states that disputes "shall be determined by arbitration before a panel of independent arbitrators set up by either the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc. as I may designate. I may also designate the American Arbitration Association or any other industry forum only to the extent expressly provided as an alternative under the securities laws of my state of residence."[3] Ex. 1 to Defs.' Pet.   The dispute over this language arises because the parties agree that California law does not expressly provide for any arbitral forum.

Plaintiffs argue that the Arbitration Agreement is ambiguous because there are two reasonable interpretations of the relevant clauses: (1) "that AAA is a second alternate and another industry is a third alternate but only if a state securities law provides for that third alternative," and (2) "that both AAA and an industry forum are only available if a state's security law so provides." Pl. Opp. at 8.  The Court holds that only the second interpretation is reasonable given the plain language of the Agreement.

Defendants point out that "[t]he first sentence of this provision is mandatory and requires that any controversy between the parties '*shall*' be resolved through arbitration" at the NYSE or what is now FINRA. Defs.' Pet. at 3.  They assert that "if the parties had intended to include the AAA as a forum that could be designated without condition, they would have included it in the first sentence."  *Id.* at 4.  It is difficult to see how Plaintiff can quibble with this commonsense interpretation of the provision.

---

[3] "I" refers to Plaintiff IATSE's trustees.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES  v. MICHAEL L. BULLOCK, *et al.* | | |

The parties agree that no California statute expressly provides for arbitration under the AAA or any other industry forum.  Plaintiff says that in the absence of such a statute, the only permissible or logical construction of the second sentence is that the phrase "to the extent expressly provided as an alternative under the securities laws of my state of residence" refers only to "any other industry forum."  The Court rejects that construction because it would render that phrase pointless.

Plaintiff also argues that "[t]he modifying clause at issue immediately follows an independent term that follows the word 'or'.  Thus, under the general rules of English construction, that clause modifies the independent noun closest to it rather than the entire sentence."  Pl. Opp. at 9.  The Court is not aware of a general rule of English construction that dictates this conclusion.  Even if there were such a general rule, it would be overcome by the fact that the preceding sentence sets out the forums that are available without condition.  As Defendants point out, "[i]f the parties had intended the AAA to be an unconditionally-available forum, it would have been included in the list of options in the first sentence."  Defs.' Pet. at 9.

Finally, Plaintiff argues that AAA is not an "industry forum."  Pl. Opp. at 9.  Defendants respond that AAA is an "industry forum" because it has specific procedures for securities-industry disputes.  Defs.' Pet. at 9 n.2.  It is not necessary to resolve this dispute by plumbing the meaning of "industry forum," because the second clause states "I may also designate the American Arbitration Association or any *other* industry forum . . . ." (emphasis added).  The only reasonable interpretation of this provision is that the parties considered the AAA to be an example of an industry forum.  Otherwise the clause would have read, "I may also designate the American Arbitration Association or any industry forum . . . ."

For the foregoing reasons the Court holds that the Arbitration Agreement unambiguously requires the parties to arbitrate their dispute at FINRA.

### 3.      MFS's Obligation to Arbitrate

Plaintiff requests in a footnote to its opposition to the petition that if the Court finds that FINRA is the appropriate arbitral forum it "also order Defendant MFS, being a

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES  v. MICHAEL L. BULLOCK, *et al.* | | |

member of FINRA to arbitrate pursuant to Rule 12200 of the NASD code of arbitration procedure." Pl. Opp. at 10 n.6.  Plaintiff provides no argument as to why the Court should grant this request.  To obtain such a request Plaintiff would have to file a properly noticed and well-supported motion.  Alternatively (and preferably), MFS and Plaintiffs can stipulate to have their differences arbitrated.  Given MFS's motion to dismiss, calendared for October 27, 2008, they should inform the Court by not later than October 22, 2008 whether they have done so.

## IV.    CONCLUSION

For the foregoing reasons the Court GRANTS the petition to compel arbitration at FINRA and DENIES Plaintiff's petition to compel arbitration before AAA.  It also DENIES without prejudice Plaintiff's request to order MFS to arbitrate.

                                                                        :
Initials of Preparer                         SMO