Bingham McCutchen LLP
SUSAN L. HOFFMAN (SBN 90496)
susan.hoffman@bingham.com
KAREN J. PAZZANI (SBN 252133)
karen.pazzani@bingham.com
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: 213.680.6400
Facsimile: 213.680.6499

Bingham McCutchen LLP
FRANCES S. COHEN (BBO 542811)
frances.cohen@bingham.com
JOSEPHINE DEANG (BBO 669469)
josephine.deang@bingham.com
One Federal Street
Boston, MA 02110
Telephone: 617.951.8872
Fax: 617.951.8736

Attorneys for Defendant
Massachusetts Financial Services
Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IATSE LOCAL 33 SECTION 401(k) PLAN BOARD OF TRUSTEES,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL L. BULLOCK, individually and doing business as INNOVATIVE EMPLOYEE BENEFITS PROGRAMS; SECURITIES AMERICA, INC.; MASSACHUSETTS FINANCIAL SERVICES COMPANY,<br><br>    Defendants. | Case No. CV 08-03949 AHM (SSx)<br><br>REPLY IN SUPPORT OF DEFENDANT MASSACHUSETTS FINANCIAL SERVICES COMPANY'S MOTION TO DISMISS<br><br>Date:        October 27, 2008<br>Time:        10:00 a.m.<br>Courtroom:    14<br>Judge:    Hon. A. Howard Matz |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ............................................................................1

II.  ARGUMENT ................................................................................2

    A.   Plaintiff Fails To State A Cause Of Action Under ERISA ................2

        1.   Counts I Through V Must Be Dismissed Because Plaintiff Concedes That MFS Is Not A Fiduciary To The Plan ..........................................................................................4

        2.   Plaintiff's New Theory That MFS Violated ERISA's Prohibited Transactions Provision As A "Party In Interest" Is Equally Without Merit ..................................5

            a.   Plaintiff's Factual Allegations, Even If True, Would Not State A Claim Because No Misuse of "Plan Assets" Occurred ....................................5

            b.   There Is No Cognizable Direct Claim Under § 406 ........8

            c.   Even Had Plaintiff Properly Pled A Claim Under § 502(a)(3), It Would Not State A Claim For The Relief Requested ....................................................9

    B.   Plaintiff's Section 17200 Claims Must Be Dismissed ......................12

        1.   ERISA Preempts The State Law Claims .................................12

        2.   Section 17200 Does Not Apply To Claims Relating To Securities Transactions Such As Those Pled By Plaintiff .......15

        3.   The Section 17200 Causes Of Action Are Barred By The Statute Of Limitations ......................................................18

            a.   The Discovery Rule Does Not Apply To Section 17200 ....................................................................18

            b.   The Doctrine of Equitable Tolling Does Not Apply .....19

            c.   A Conspiracy Theory Cannot Save Plaintiff's Section 17200 Claims ....................................................20

        4.   Plaintiff Lacks Standing To Bring A Section 17200 Cause Of Action ......................................................................21

    C.   Plaintiff Should Not Be Granted Leave To Amend The Complaint Because Such Amendment Would Be Futile ..................22

III. CONCLUSION..............................................................................23

i

# TABLE OF AUTHORITIES

**Page**

Cases

Aetna Health Inc. v. Davila,
    542 U.S. 200 (2004)..................................................................................9

Aloha Airlines, Inc. v. Ahue,
    12 F.3d 1498 (9th Cir. 1993) ...............................................................13

Animal Legal Defense Fund v. Mendez,
    160 Cal. App. 4th 136 (2008) ..............................................................22

Bast v. Prudential Ins. Co. of Am.
    150 F.3d 1003 (9th Cir. 1998) ...............................................................13

Boeckman v. A.G. Edwards, Inc.,
    No. 05-658, 2007 WL 4225740 (S.D. Ill. Aug. 31, 2007)......................6

Bowen v. Ziason Technologies, Inc.,
    116 Cal. App. 4th 777 (2004) ......................................................15, 16, 17

Carlson v. Principal Life Ins.,
    No. 06-4766, 2008 WL 55985 (2d Cir. 2008) .......................................11

Charles O. Bradley Trust v. Zenith Capital, LLC,
    No. 04-02239, 2008 WL 3400340 (N.D. Cal. Aug. 11, 2008)...................15

Chavez v. Blue Sky Natural Beverage Co.,
    503 F. Supp. 2d 1370 (N.D. Cal. 2007).................................................22

Concha v. London,
    62 F.3d 1493 (9th Cir. 1995) .................................................................10

Consol. Beef Indus., Inc. v. N.Y. Life Ins. Co.,
    949 F.2d 960 (8th Cir. 1991) .................................................................14

Fox v. Ethicon Endo-Surgery, Inc.,
    35 Cal. 4th 797 (2005) ............................................................................18

General American Life v. Castonguay,
    984 F.2d 1518 (9th Cir. 1993)..........................................................12, 14

Gerosa v. Savasta & Co., Inc.,
    329 F.3d 317 (2d Cir. 2003) ..................................................................10

Gibson v. Prudential Ins. of Am.,
    915 F.2d 414 (9th Cir. 1990) .................................................................14

Great-West Life & Annuity Ins. Co. v. Knudson,
    534 U.S. 204 (2002)................................................................................10

Grisham v. Philip Morris U.S.A.,
    40 Cal. 4th 623 (2007) ............................................................................18

## TABLE OF AUTHORITIES
### (continued)

Page

Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.,
  530 U.S. 238 (2000)...............................................10

Hinton v. Pacific Enter.,
  5 F.3d 391 (9th Cir. 1993) ......................................19

Honolulu Joint Apprenticeship & Training Comm. of United Ass'n
  Local Union No. 675 v. Foster,
  332 F.3d 1234 (9th Cir. 2003) ..................................11

Horvath v. Keystone Health Plan East, Inc.,
  333 F.3d 450 (3d Cir. 2003) ....................................11

Howard v. Parisian, Inc.,
  807 F.2d 1560 (11th Cir. 1987) .................................14

In Hall v. Time Inc.,
  158 Cal. App. 4th 847 (2008) ...............................21, 22

Jolly v. Eli Lilly & Co.
  44 Cal. 3d 1103 (1988) .........................................20

Karl Storz Endoscopy Am., Inc. v. Surgical Tech., Inc.,
  285 F.3d 848 (9th Cir. 2002) ...................................19

Long v. Walt Disney Co.,
  116 Cal. App. 4th 868 (2004) ...................................20

Massachusetts Mutual Life Ins. Co. v. Superior Court,
  97 Cal. App. 4th 1282 (2002) ...................................18

Mertens v. Hewitt Assocs.,
  508 U.S. 248 (1993)..............................................4

Miller v. Yokohama Tire Corp.,
  358 F.3d 616 (9th Cir. 2004) ...................................22

Overstock.com, Inc. v. Radiant Analytics, Inc.,
  151 Cal. App. 4th 688 (2007) ...............................15, 16

Pilot Life Ins. Co v. Dedeaux,
  481 U.S. 41 (1987).........................................9, 13, 15

Providence Health Plan v. McDowell,
  385 F.3d 1168 (9th Cir. 2004) ..................................12

Roskind v. Morgan Stanley Dean Witter & Co.,
  80 Cal. App. 4th 345 (2000) ....................................17

Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson,
  201 F.3d 1212 (2000)............................................14

# TABLE OF AUTHORITIES
## (continued)

Page

Sagehorn v. Engle,
141 Cal. App. 4th 452 (2006) .................................................................19, 20

Schick v. Lerner,
193 Cal. App. 3d 1321 (1987) ......................................................................21

Shearson v. Greenberg,
60 F.3d 834, 1995 WL 392028 (9th Cir. 1995)...........................................15

Shorter v. Metropolitan Life,
No. 04-57022, 2007 WL 34816 (9th Cir. 2007)..........................................12

Snapp & Assocs. Ins. Serv. v. Malcolm Bruce Burlingame Roberston,
96 Cal. App. 4th 884 (2002) ....................................................................19, 20

Sterlin v. Biomune Sys. Inc.,
154 F.3d 1191 (10th Cir. 1998) ....................................................................20

Strigliabotti v. Franklin Resources Inc., No. 04-00883, 2005 WL
645529 (N.D. Cal. March 7, 2005)...............................................................16

Stutz Motor Car of America v. Reebok Intern., Ltd.,
909 F. Supp. 1353 (C.D. Cal. 1995) .............................................................19

Williams v. Deutsche Bank Securities, Inc.,
No. 04-7588, 2005 WL 1414435 (S.D.N.Y. June 13, 2005)........................15

Wilmington Shipping Co.,
496 F.3d 326 (4th Cir. 2007) ........................................................................14

## Statutes

29 C.F.R. 25009.75-2(c) ........................................................................................8

29 U.S.C. § 1002(21)(B)........................................................................................7

29 U.S.C. § 1101(b)(1)...........................................................................................6

29 U.S.C. § 1106 ...........................................................................................passim

29 U.S.C. § 1132 ...........................................................................................passim

29 U.S.C. § 1144 ..................................................................................................12

California Business and Professions Code § 17208 ............................................18

California Business and Professions Code Section 17200 ...........................passim

1    Defendant Massachusetts Financial Services Company ("MFS")

2    submits this reply to the opposition filed by Plaintiff IATSE Local 33 Section

3    401(k) Plan, Board of Trustees ("Plaintiff") to MFS' motion to dismiss.

4

5    **I.    INTRODUCTION**

6    Plaintiff filed this action on June 17, 2008 against MFS, in addition to

7    Defendants Michael L. Bullock ("Bullock") and Securities America, Inc.

8    ("SAI").  After the motions to dismiss were filed, Plaintiff agreed to arbitrate

9    with Bullock and SAI.  Plaintiff's opposition leaves little doubt that MFS's

10   motion to dismiss should be granted, without leave to amend.   The

11   Complaint alleges eight counts, five under ERISA, and three under

12   California Business and Professions Code Section 17200, *et seq.*  As to the

13   ERISA counts, the opposition concedes that the central premise underlying

14   Plaintiff's claims -- that MFS was a Plan "fiduciary" -- is without merit.  This

15   concession is certainly fatal to Counts I through III of the Complaint, all of

16   which are entitled (and attempt to state a claim for) "Breach of Fiduciary

17   Duty."  It is also fatal to Counts IV and V, as pled, because those counts

18   are also expressly based on the allegation that MFS committed certain

19   "prohibited transactions" as a "fiduciary."  Now, however, Plaintiff proposes

20   to re-frame Counts IV and V and proceed under ERISA on the theory that

21   MFS, as a "party in interest", engaged in a "prohibited transaction."

22   Although Plaintiff claims this theory is pled in the current Complaint, its

23   allegations fall short of stating a party in interest claim.  In any case, the

24   party in interest theory, as well, fails to state a claim against MFS because

25   (1) the alleged misconduct does not fall within the "prohibited transaction

26   rules concerning "plan assets"; and (2) the claims fail to meet the

27   requirements of Section 502 of ERISA.

28

A/72703711.1/0328316-0000333931

1   As to the claims under Section 17200, ERISA's express preemption

2   clause, one of the broadest ever enacted in federal law, bars Plaintiff from

3   proceeding.  Plaintiff has pled a claim that plainly "relates to" an employee

4   benefit plan against parties whose relationships are expressly regulated by

5   ERISA's comprehensive scheme.   Supreme Court and Ninth Circuit

6   precedent compel the conclusion that Plaintiff's state law claims are

7   preempted.

8   Even if ERISA did not preempt the state claims -- as it does -- each of

9   those claims fails as a matter of state law for several independent reasons.

10   As a threshold matter, Section 17200 does not apply to securities

11   transactions.  In addition, the claims are barred by the applicable four-year

12   statute of limitations because, as the Complaint alleges, MFS suspended

13   the challenged brokerage practices in November 2003.  Plaintiff cannot rely

14   on the "discovery rule" or "equitable tolling" to revive its expired claims.

15   In addition to these fatal defects, Plaintiff lacks standing to assert a

16   Section 17200 claim because it can allege no injury in fact; the Plan and its

17   participants received exactly what they paid for -- shares of MFS mutual

18   funds at an undisputed price.

19   Finally, this Court should deny leave to amend.  Plaintiff has already

20   used the opposition to reinvent its claim -- with little success.  Plaintiff does

21   not allege that it has discovered new facts that would give rise to a

22   meritorious claim, and the facts pled do not support any viable legal theory

23   for any claim against MFS.   Accordingly, this Court should dismiss all

24   claims with prejudice.

25   **II.**   **ARGUMENT**

26   **A.**   **Plaintiff Fails To State A Cause Of Action Under ERISA**

27

28   The opposition makes abundantly clear that Plaintiff has failed to

2

A/72703711.1/0328316-0000333931

state a claim under ERISA. Every ERISA count (Counts I through V) is expressly based on two premises: (1) that MFS is a "fiduciary", (*see* Compl. ¶¶ 52-53, 57-58, 69, 76, 78); and (2) that MFS violated ERISA by misusing "plan assets." *See* Compl. ¶¶ 53, 61, 69-71, 76, 78. None of the ERISA claims can stand if either of these premises is wrong; in this case, both are wrong as a matter of law.

As an initial matter, Plaintiff has abandoned the basis pled for ERISA liability against MFS (its claim that MFS is a "fiduciary"). Each of the ERISA counts of the current Complaint is based on this theory. Counts I through III are titled "breach of fiduciary duty" and should be dismissed because MFS is not a fiduciary.

The remaining ERISA counts (Counts IV and V), although not titled "breach of fiduciary duty", should be dismissed for the same reason. These counts, titled "Prohibited Transactions" allege that MFS breached fiduciary obligations to the Plan in violation of the prohibited transaction rules. These claims, as well, should be dismissed on the ground that MFS is not a fiduciary.

In its opposition, Plaintiff offers a revisionist description of Counts IV and V, alleging that MFS engaged in prohibited transactions as a "party in interest" with alleged fiduciaries (Bullock and/or SAI). The recast claims must be dismissed, as well, for three independent reasons. First, the core allegation of the Complaint -- that the payment of directed brokerage commissions to SAI from *MFS mutual fund assets* constituted a misuse of "plan assets" -- is wrong because, as a matter of law, mutual fund assets are not plan assets (a fact that Plaintiff does not deny). Second, ERISA does not permit a direct claim under § 406. Rather, any claim for a violation of § 406 is only actionable to the extent permitted by § 502 of ERISA. Section 502 is ERISA's exclusive civil enforcement provision and

3

A/72703711.1/0328316-0000333931

1   Plaintiff fails to satisfy the requirements for a claim under § 502. Third, had
2   Plaintiff properly pled the claim under § 502, it could only proceed against
3   MFS under § 502(a)(3), which does not offer the relief that Plaintiff seeks.

**1.   Counts I Through V Must Be Dismissed
Because Plaintiff Concedes That MFS Is
Not A Fiduciary To The Plan**

6       Each of the first ERISA counts is predicated on Plaintiff's allegation
7   that MFS is a fiduciary. *See* Compl. ¶¶ 52-53, 57-58, 69, 76, 78. Counts I
8   through III assert claims for breach of fiduciary duty under ERISA § 502, 29
9   U.S.C. § 1132. Counts IV through VI assert claims against MFS, and the
10  other Defendants, for engaging in prohibited transactions as fiduciaries.
11  *See* Compl. ¶¶ 76, 78.

12      Plaintiff's opposition to MFS's motion to dismiss essentially concedes
13  that MFS is not an ERISA fiduciary. The opposition does not defend the
14  pled (but incorrect) legal conclusion permeating Plaintiff's Complaint that
15  MFS is a fiduciary, but rather seeks to recast the ERISA counts as
16  premised on some form of non-fiduciary liability: "[t]he facts alleged in the
17  Complaint demonstrate that *MFS was a non-fiduciary party in interest* that
18  engaged in prohibited transactions" with fiduciaries Bullock and SAI. Opp.
19  at 4 (emphasis added).

20      The effect of this concession is to require dismissal of each of the
21  ERISA counts. Counts I (Breach of Fiduciary Duty), II (Other Remedies for
22  Breach of Fiduciary Duty) and III (also styled as Other Remedies for
23  Breach of Fiduciary Duty) are each premised on the allegation that each of
24  the Defendants, MFS included, breached a fiduciary duty owed to Plaintiff.
25  In light of Plaintiff's revised position that MFS is a "non-fiduciary party in
26  interest", these counts should be dismissed. *See, e.g., Mertens v. Hewitt
27  Assocs.*, 508 U.S. 248 (1993) (ruling that ERISA does not provide a breach
28  of fiduciary duty claim against non-fiduciaries, even if they are alleged to

4

1  have knowingly participated in the fiduciary's breach of fiduciary duty).

2      The two remaining counts, Counts IV and V, allege that Defendants,

3  including MFS, engaged in prohibited transactions in violation of ERISA

4  § 406, 29 U.S.C. § 1106.    These counts are also predicated on the

5  allegation that MFS, along with Defendants SAI and Bullock, were

6  fiduciaries with respect to the Plan.  *See* Compl. Count IV, ¶ 76 ("MFS, SAI

7  and/or Bullock were fiduciaries with respect to the Plan") and Count V, ¶ 78

8  ("MFS, SAI and/or Bullock breached their fiduciary obligations with respect

9  to the Plan, Plan participants and beneficiaries").   Accordingly, these two

10  counts should be dismissed, as well, on the ground that the Complaint, as

11  Plaintiff concedes, fails to allege a factual basis that could support the legal

12  conclusion that MFS is a fiduciary.

13      **2.    Plaintiff's New Theory That MFS Violated
              ERISA's Prohibited Transactions Provision
14            As A "Party In Interest" Is Equally Without
              Merit**
15

16      **a.    Plaintiff's Factual Allegations, Even If
              True, Would Not State A Claim
17            Because No Misuse of "Plan Assets"
              Occurred**

18      Instead of frankly conceding the defect in its pleadings -- the failure to

19  allege any basis on which MFS could be an ERISA fiduciary -- Plaintiff

20  conflates various parties, actions and remedies in the apparent hope that

21  the Court might find, among the leftover scraps of the Complaint, some

22  ERISA claim against MFS.  Plaintiff's new theory reinvents Counts IV and

23  V, by alleging that MFS, as a "non-fiduciary party in interest", encouraged

24  SAI and Bullock to engage in a prohibited transaction with respect to "plan

25  assets" under ERISA §§ 406(a) and (b), 29 U.S.C. § 1106 (a) and (b).  This

26  new theory is not included in the current Complaint, but even if it had been,

27  the claim as Plaintiff describes it would fail to state a claim for which relief

28  could be granted under ERISA.

REPLY IN SUPPORT OF DEFENDANT MASSACHUSETTS FINANCIAL
SERVICES COMPANY'S MOTION TO DISMISS

A/72703711.1/0328316-0000333931

1    The core factual underpinning of the Complaint is that MFS allegedly
2  directed commission-generating brokerage business (i.e., the business
3  associated with executing securities transactions for MFS mutual funds) to
4  SAI over other brokers based on SAI's sales of MFS mutual funds.  *See*
5  Compl. ¶¶ 20-36.  The Complaint does not allege that SAI failed to render
6  the brokerage services to earn those commissions, only that brokerage
7  business was directed to it and that SAI then paid Bullock a portion of those
8  commissions.  The "prohibited transaction" claim, as described in Plaintiff's
9  opposition, appears to be that, under the alleged directed brokerage
10  arrangement, (*i*) MFS "paid" SAI, a fiduciary, to "encourage" it to sell MFS
11  funds (Opp. at 3); (*ii*) which caused SAI, a fiduciary, to receive
12  "consideration" (Opp. at 4); (*iii*) which Plaintiff says violates various
13  prohibited transactions provisions because it supposedly involved misuse
14  of "the assets of the Plan."  Opp. at 4; *see* Compl. ¶¶ 76, 78.

15    Conspicuously absent from Plaintiff's opposition is any attempt to
16  address the deficiency in its pleading -- the challenged conduct (directed
17  brokerage) involves *MFS mutual fund assets*, (Compl. ¶ 32) ("These
18  charges were paid directly from money invested in MFS funds"), not *Plan*
19  *assets*.  ERISA makes clear that where a plan invests in a mutual fund,
20  plan assets "shall not . . . be deemed to include the mutual fund's assets").
21  ERISA § 401(b)(1), 29 U.S.C. § 1101(b)(1); *Boeckman v. A.G. Edwards,*
22  *Inc.*, No. 05-658, 2007 WL 4225740, at *2 (S.D. Ill. Aug. 31, 2007) ("[W]hen
23  a plan invests in a mutual fund, the plan assets include the fund shares, but
24  do not include the underlying assets of the fund: the fund's portfolio
25  transactions and day-to-day operations are insulated from the prohibited
26  transaction rules.").  Thus, the core basis of the prohibited transaction claim
27  -- the alleged misuse of plan assets -- is without merit because, as a matter
28  of law, the allegedly misused assets were not "plan assets."  This requires

6

1    dismissal of Plaintiff's claim, regardless of whether MFS is a "party in

2    interest".

3         Further, the Complaint offers nothing more than sparse conclusory

4    allegations that MFS has any "party in interest" liability.  In an effort to

5    aggrandize a few clauses of the Complaint to support its new theory,

6    Plaintiff now claims that MFS should be held liable as a "party in interest"

7    because the Complaint alleges that MFS's services went "beyond"

8    investment advisory services in that MFS offered "the opportunity to invest

9    in MFS mutual funds", purportedly "a service separate and distinct from any

10   investment advice or record keeping MFS may have offered within the

11   mutual funds." Opp. at 2-3, 5.  Not surprisingly, Plaintiff fails to identify any

12   authority to support the notion that "an opportunity to invest in MFS mutual

13   funds" is separate from the services offered by the company's investment

14   adviser or principal underwriter as described in ERISA § 3(21)(B), 29

15   U.S.C. § 1002(21)(B) -- the provision of ERISA that states that a plan's

16   investment in a mutual fund does *not* render the mutual fund adviser to be

17   "a fiduciary *or party in interest*."

18        In reality, the MFS mutual funds are continuously offered to the

19   public, as the securities of registered investment companies (which are not

20   a parties to this case).  This offering does not constitute a distinct "service"

21   provided by MFS to fund investors.  Moreover, the Plan's investments were

22   made, as Plaintiff alleges, on the advice of Bullock and SAI -- not MFS.

23   *See* Compl. ¶ 9.

24        Finally, Plaintiff's references to the various elements of the prohibited

25   transactions described in ERISA Sections 406(a) and (b) are an equally

26   confused pastiche of misused ERISA terms unanchored by any specific

27   factual allegations.  To catalogue only a few, Plaintiff asserts, in support of

28   its § 406 claims, that MFS: "engaged in a scheme whereby it made

7

1   payments to fiduciaries of the Plan for the promotion of its own self interest"
2   in violation of the prohibited transaction rules (with few exceptions not
3   relevant here).  Opp. at 3.  But, as Plaintiff now acknowledges, MFS is not
4   a fiduciary; ERISA only prohibits  fiduciaries from acting in their own self-
5   interest.   *See, e.g.*, ERISA § 406(b), 29 U.S.C. § 1106(b) (prohibiting
6   *fiduciaries* from acting in their own self-interest).   Plaintiff also conflates
7   MFS, the investment advisor, with the MFS mutual funds that it advises,
8   stating that "[t]he fact that MFS is a mutual fund" does not mean that it is
9   "relieved of responsibility for engaging in a prohibited transaction".  Opp. at
10  5.   MFS, however, is not "a mutual fund."   MFS provides investment
11  advisory services to mutual funds, like the funds in which the Plan invested.
12  Compl. ¶ 9.  Plaintiff never alleges that the MFS *mutual funds* engaged in a
13  prohibited transaction (nor could they); Plaintiff only alleges (wrongly) that
14  MFS engaged in a prohibited transaction.[1]

15      These errors are not mere technicalities.   They reflect Plaintiff's
16  inability, either in the Complaint or in the recast allegations set forth in the
17  opposition, to bring any claim against MFS within the circumscribed relief
18  provided by ERISA.

19             **b.   There Is No Cognizable Direct Claim**
20                  **Under § 406**

21      Moreover, Counts IV and V, which allege that MFS (whether as a

---

[1] Equally misguided is Plaintiff's reliance on *DOL Interpretive Bulletin* 75-2 (July 28, 1975), 29 C.F.R. 25009.75-2(c) for the assertion that "if a fiduciary allows investment in an investment company such as MFS with the expectation that the investment company would purchase securities from another party in interest, there is a prohibited transaction under Section 406 of ERISA." Opp. at 5.  The Interpretive Bulletin only addresses the liability of the fiduciary -- here concededly not MFS -- to provide that if a fiduciary engages in improper self dealing, it will not be absolved of liability because the transaction involves investment of plan assets in mutual fund shares.  It does not address the respective liability of non-fiduciary parties.

A/72703711.1/0328316-0000333931

1  fiduciary or as a party in interest) engaged in prohibited transactions within

2  the meaning of ERISA § 406, 29 U.S.C. § 1106, fail because ERISA does

3  not permit claims to be brought directly under § 406.   ERISA § 502(a)

4  contains civil enforcement provisions which are the "exclusive" vehicle for

5  actions alleging prohibited transaction violations of ERISA. *Pilot Life Ins.*

6  *Co v. Dedeaux*, 481 U.S. 41, 53-54 (1987) ("§ 502(a) sets forth a

7  comprehensive civil enforcement scheme that represents a careful

8  balancing . . . [and] policy choices reflected in the inclusion of certain

9  remedies and the exclusion of others," demonstrating Congress's

10  "deliberate care" in drafting § 502(a)); *see Aetna Health Inc. v. Davila*, 542

11  U.S. 200, 217 (2004) (discussing "congressional intent to create an

12  exclusive federal remedy in ERISA § 502(a)").

13      Plaintiff's attempt to circumvent § 502(a) and to allege an

14  impermissible "direct claim" under § 406 only highlights Plaintiff's

15  dissatisfaction with the exclusive actions authorized by § 502(a).  Because

16  ERISA does not permit any direct actions under § 406, the Complaint fails

17  to state a claim in Counts IV and V and the Court should dismiss these

18  counts accordingly.

19          **c.    Even Had Plaintiff Properly Pled A**
20                  **Claim Under § 502(a)(3), It Would Not**
                    **State A Claim For The Relief**
21                  **Requested**

22      The highly circumscribed relief provided by ERISA is set forth in

23  ERISA § 502, 29 U.S.C. § 1132, which defines which "persons" have

24  capacity to sue, on what causes of action, and for what relief.  Here, the

25  Complaint prays for certain relief including compensatory damages, a

26  constructive trust "on any monies by which the defendants were unjustly

27  enriched"; disgorgement "of all payments made to Defendants from Plan

28  assets"; and restitution.  The requested relief is not available in this case.

9

1    The law is well-settled that ERISA does not permit compensatory

2  damages to be awarded against a defendant except for breach of fiduciary

3  duty.  *See* ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2); *Concha v. London*,

4  62 F.3d 1493, 1504 (9th Cir. 1995) ("[E]quitable relief is the sole recourse

5  for ERISA claims against non-fiduciaries."), *cert. dismissed*, 517 U.S. 1183

6  (1996).  Because MFS is not one of Plaintiff's fiduciaries, Plaintiff has no

7  claim for compensatory damages against MFS.  *See id.*

8    In an action prosecuted by a plan, such as the Plaintiff, against a non-

9  fiduciary, such as MFS, the remedies are strictly limited to injunctions and

10  certain, limited "appropriate equitable relief".  *See* ERISA § 502(a)(3), 29

11  U.S.C. § 1132(a)(3).  The statutory term "appropriate equitable relief" has

12  been narrowly construed:      "This language, to be sure, 'does

13  not . . . authorize "appropriate equitable relief" *at large*, but only

14  "appropriate equitable relief" for the purpose of "redress[ing any] violations

15  or . . . enforc[ing] any provisions" of ERISA or an ERISA plan.'"  *Harris*

16  *Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246

17  (2000) (citations omitted, emphasis in original).

18    In this case, there is no occasion for an injunction.  As Plaintiff

19  expressly pled, MFS has long since ceased the conduct that Plaintiff

20  alleges: "[i]n November 2003, MFS suspended all of its directed

21  commission practices, after these practices came under regulatory

22  scrutiny".  Compl. ¶ 25.

23    Nor is other equitable relief available to the Plaintiff. Under Section

24  502(a)(3), appropriate equitable relief only includes restitution when the

25  relief sought is "a claim to specific property (or its proceeds) held by the

26  defendant".  *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204,

27  215 (2002); *see also Gerosa v. Savasta & Co., Inc.*, 329 F.3d 317, 321 (2d

28  Cir. 2003) ("With regard to non-fiduciary defendants, we have said that the

10

1   'only conceivable equitable claim' for cash money lies under the antique

2   equitable remedy of restitution.  In order to make out a claim for restitution,

3   a plaintiff must show that the defendant has unjustly received from the

4   plaintiff a benefit, such as a payment, or that the defendant holds funds or

5   property that in good conscience should belong to the plaintiff") (internal

6   citations omitted), *cert. denied*, 540 U.S. 967, 1074 (2003); *Honolulu Joint*

7   *Apprenticeship & Training Comm. of United Ass'n Local Union No. 675 v.*

8   *Foster*, 332 F.3d 1234, 1237-38 (9th Cir. 2003) (rejecting restitution claim

9   where there was no indication that the funds were specifically identifiable or

10   that the funds were transferred to the defendant).

11          Plaintiff does not allege that any of the disputed payments were made

12   to MFS.  The Complaint alleges that the brokerage commissions were

13   directed "to SAI for Bullock's benefit" and "Bullock, in turn, would use this

14   additional compensation to pay for the salary and expenses of [an

15   employee]."  Compl. ¶ 19; *see also* Compl. ¶¶ 21-23, 26-28 (allegations

16   that only SAI, Bullock and an employee hired by Bullock received the

17   compensation).  Because MFS is not alleged to have received any of this

18   disputed compensation, no appropriate equitable relief exists to bring a

19   claim against MFS under ERISA.  *See Great-West Life*, 534 U.S. at 214

20   (For equitable relief to be appropriate under ERISA Section 502(a)(3), "the

21   action generally must seek not to impose personal liability on the

22   defendant, but to restore to the plaintiff particular funds or property in the

23   defendant's possession"); *Carlson v. Principal Life Ins.*, No. 06-4766, 2008

24   WL 55985, at *1 (2d Cir. 2008) ("[Plaintiff's] claim fails because [the

25   defendant] was not the recipient of ill-gotten trust assets and, thus, cannot

26   be held liable as a non-fiduciary"); *Horvath v. Keystone Health Plan East,*

27   *Inc.*, 333 F.3d 450, 457 n.3 (3d Cir. 2003) (ERISA Section 502(a)(3)

28   provides only for equitable relief, so plaintiff's claims for restitution and

11

REPLY IN SUPPORT OF DEFENDANT MASSACHUSETTS FINANCIAL
SERVICES COMPANY'S MOTION TO DISMISS
A/72703711.1/0328316-0000333931

1    disgorgement of premiums allegedly overpaid as a result of fiduciary's

2    failure to disclose information about physician incentives were likely barred

3    where "there are no funds readily traceable to [the plaintiff]" and "it is

4    questionable whether it is even possible to identify an exact amount").

5        Because the Complaint fails, as a matter of law, to seek relief for

6    which MFS could be liable under ERISA § 502(a)(3), the ERISA claims

7    against MFS must be dismissed.

8    **B.    Plaintiff's Section 17200 Claims Must Be Dismissed**

9

10       The Plaintiff's Section 17200 claims should be dismissed for the

11   independent reasons that (1) the Section 17200 claims are preempted by

12   ERISA; (2) Section 17200 does not apply to securities transactions such as

13   the ones at issue in this case; (3) Plaintiff's Section 17200 claims are

14   barred by the statute of limitations; and (4) Plaintiff lacks standing to bring

15   Section 17200 claims.

16   **1.    ERISA Preempts The State Law Claims**

17

18       ERISA's preemption clause is "one of the broadest ever enacted by

19   Congress." *General American Life v. Castonguay*, 984 F.2d 1518, 1521

20   (9th Cir. 1993).   The statute "explicitly preempts all state law causes of

21   action that 'relate to' [a] plan." *Shorter v. Metropolitan Life*, No. 04-57022,

22   2007 WL 34816, at *2 (9th Cir. 2007); *see* ERISA § 514, 29 U.S.C. § 1144.

23   A claim "relates to" a plan "if it has a connection with or reference to such a

24   plan." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir.

25   2004).   Here, Plaintiff cannot plausibly argue that its Section 17200 claims

26   do not "relate to" a plan.   Each of the three Section 17200 counts (Counts

27   VI through VIII) allege that Defendants, including MFS, "misrepresented or

28   failed to disclose material facts regarding the fees and expenses incurred

REPLY IN SUPPORT OF DEFENDANT MASSACHUSETTS FINANCIAL
SERVICES COMPANY'S MOTION TO DISMISS

A/72703711.1/0328316-0000333931

1  by the Plan" and that "the Defendants engaged in transactions that were
2  adverse to the Plan." Compl. ¶¶ 81, 87, 94 (emphasis added). Practically
3  conceding preemption, the Complaint overtly alleges that the state law
4  claims are based upon asserted violations of ERISA's regulatory scheme.
5  Compl. ¶ 82 (asserting § 17200 claim based on "business
6  practices . . . unlawful under the Employee Retirement Income Security
7  Act, 29 U.S.C. §§ 1332(a)(2), (a)(3) for breaches of fiduciary duty, and 29
8  U.S.C. §§ 1106(a), (b) for engaging in prohibited transactions"). The
9  Complaint alleges that these asserted violations of ERISA suffice to satisfy
10 the "unlawful prong" of Section 17200, see Compl. ¶ 83, even though the
11 Supreme Court has held that ERISA's enforcement provisions are
12 "exclusive." See Pilot Life, 481 U.S. at 54 ("the federal scheme would be
13 completely undermined" if state law actions could provide alternative relief);
14 Aloha Airlines, Inc. v. Ahue, 12 F.3d 1498, 1503 (9th Cir. 1993) (where
15 ERISA's regulatory scheme is implicated, ERISA "preempt[s] the field" of
16 state laws).

17    Plaintiff acknowledges the expansive "scope of ERISA's preemptive
18 reach," but argues that, if it cannot state a successful claim against MFS for
19 fiduciary or party-in-interest liability under ERISA, the "claims against MFS
20 are not preempted." Opp. at 7. This proposition, for which plaintiff tellingly
21 provides no legal authority, is flatly contrary to the law. It is well-
22 established that ERISA preempts state law claims even when a plaintiff is
23 left without remedy under ERISA. Bast v. Prudential Ins. Co. of Am. 150
24 F.3d 1003, 1010 (9th Cir. 1998) (ERISA preempted state law claim even
25 when plaintiff, "relegated to asserting a claim only under ERISA", was "left
26 without a remedy"). "The focus is on ERISA. If it does not provide a
27 remedy, none exists." Id.; see also Pilot Life, 481 U.S. at 55 (preemption
28 may displace state law claims even when the state law authorizes a

13

1  remedy unavailable under ERISA provisions); *Rutledge v. Seyfarth, Shaw,*
2  *Fairweather & Geraldson,* 201 F. 3d 1212, 1222, n.13 (2000) (noting that
3  ERISA may preempt state law excessive fee claim even though ERISA
4  provided no remedy).

5      Similarly, the Ninth Circuit has held that whether or not a defendant
6  can be held liable under ERISA as a fiduciary does not affect the
7  preemption analysis. In *Gibson v. Prudential Ins. of Am.*, 915 F.2d 414,
8  418 (9th Cir. 1990), the court declared, "Congress did intend ERISA to
9  preempt claims that relate to an employee benefit plan *even if the*
10  *defendant is a nonfiduciary.*" *Id.*  Citing *Gibson*, the Fourth Circuit notes
11  that "[t]he central question is not whether a particular defendant is a
12  fiduciary, or whether the preemption would create a gap in the law with
13  respect to suits against non-fiduciaries, but rather whether the action
14  *relates* to any employee benefit plan." *Wilmington Shipping Co.*, 496 F.3d
15  326, 342-43 (4th Cir. 2007) (internal quotation marks omitted, emphasis in
16  original). *See also Consol. Beef Indus., Inc. v. N.Y. Life Ins. Co.*, 949 F.2d
17  960, 964 (8th Cir. 1991) ("Whether [an entity] is a fiduciary under ERISA or
18  not does not affect our ERISA pre-emption analysis"); *Howard v. Parisian,*
19  *Inc.*, 807 F.2d 1560, 1565 (11th Cir. 1987) (holding that Congress's failure
20  to provide for comprehensive relief against non-fiduciaries does not alter
21  the principle that state law actions against non-fiduciaries are preempted if
22  they relate to an ERISA-covered plan).

23      ERISA preemption does not turn on whether MFS has "fiduciary" or
24  "party in interest" liability, but instead on whether MFS's relationship to an
25  employee benefit plan is one of those that ERISA's comprehensive scheme
26  "regulates"; state law may not "encroach" on such a relationship. *General*
27  *American Life*, 984 F.2d at 1522.   Indeed, "[a]ny regulation of the
28  relationship is basis enough for preemption." *Id.*   ERISA expressly

14

1   regulates the relationship of an investment adviser (like MFS) to a

2   retirement plan (like the Plan) that invests in a mutual fund, only in a way

3   that is unhelpful to Plaintiff:   ERISA § 3(21)(B) precludes an investment

4   adviser from being deemed a "fiduciary" or "party in interest" solely by

5   virtue of a plan's investment in a mutual fund advised by the adviser.[2]

6   Although this provision of ERISA impacts the types of claims plaintiff may

7   bring under the "carefully integrated civil enforcement provisions found in

8   [ERISA] § 502(a)," the unavailability of relief under ERISA does not allow a

9   state law to be used to provide relief ERISA does not offer.  *Pilot Life*, 481

10  U.S. at 54 ("Congress did *not* intend to authorize other remedies").

11              **2.    Section 17200 Does Not Apply To Claims**
                     **Relating To Securities Transactions Such**
12                   **As Those Pled By Plaintiff**

13          Plaintiff's Section 17200 claims must be dismissed because Section

14  17200 does not apply to cases related to securities transactions.   *See*

15  *Overstock.com, Inc. v. Radiant Analytics, Inc.*, 151 Cal. App. 4th 688, 714-

16  16 (2007); *Bowen v. Ziason Technologies, Inc.*, 116 Cal. App. 4th 777, 787,

17  790 (2004); *Shearson v. Greenberg*, 60 F.3d 834, 1995 WL 392028, at *2

18  (9th Cir. 1995); *Charles O. Bradley Trust v. Zenith Capital, LLC*, No. 04-

19  02239, 2008 WL 3400340 at *4 (N.D. Cal. Aug. 11, 2008); *Williams v.*

20  *Deutsche Bank Securities, Inc.*, No. 04-7588, 2005 WL 1414435, at *10

21  (S.D.N.Y. June 13, 2005).  The *Bowen* rule that Section 17200 (California's

---

22

23  [2] More broadly, the Complaint as a whole plainly relates to ERISA-governed

24  relationships. In various places, the Complaint discusses MFS's role in directing
    brokerage commissions to entities that are alleged to be Plan fiduciaries (SAI and

25  Bullock) and claims that SAI and Bullock breached their fiduciary duties to the Plan by
    failing to disclose information about this arrangement to the "Trustees and Plan

26  participants". Compl. ¶¶ 19-22, 26, 32-33, 36.  The Complaint goes on to state that
    MFS "allow[ed] other [Plan] fiduciaries to commit a breach of their fiduciary duty."

27  Compl. ¶ 50.  These relationships and activities are governed by ERISA, and should not
    be the subject of state law claims.

28

REPLY IN SUPPORT OF DEFENDANT MASSACHUSETTS FINANCIAL
SERVICES COMPANY'S MOTION TO DISMISS

A/72703711.1/0328316-0000333931

1    "little FTC Act") does not apply to securities transactions is consistent with

2    (*i*) the coextensive limitation on the Federal Trade of the Commission

3    statute that Section 17200 "mirrors"; (*ii*) the rule adopted by a wide majority

4    of other jurisdictions on the applicability of analogous statutes; and (*iii*) the

5    Ninth Circuit's ruling with respect to Hawaii's "almost identical" statute. *See*

6    *Bowen*, 116 Cal. App. 4th at 786-90.  Seeking to minimize the holding of

7    *Bowen* and the substantial authority that supports it, Plaintiff focuses

8    instead on a few cases where the connection to securities transactions was

9    so attenuated that the courts concluded that the *Bowen* rule could not be

10   invoked.  Those cases do not support the application of Section 17200

11   here.

12       For example, Plaintiff cites two cases, *Overstock.com*, 151 Cal. App.

13   4th at 714-716 (2007) and *Strigliabotti v. Franklin Resources Inc.*, No. 04-

14   00883, 2005 WL 645529, at *9 (N.D. Cal. March 7, 2005), where the

15   *Bowen* rule was not applied due to the attenuated connection of securities

16   transactions to the allegations of the complaint. *Overstock*, a defamation

17   case with unusual facts -- a purported publisher of trade analytics colluded

18   with a short-selling hedge fund to drive down the price of plaintiff's stock --

19   acknowledged but distinguished *Bowen's* holding on the ground that

20   "*Overstock's claims do not arise from any stock transactions between the*

21   *parties.*  Rather they arise from the allegedly defamatory reports published

22   by Gradient, Gradient's business practices in producing such reports and

23   [the short-selling hedge fund's] role in this wrongdoing".  151 Cal. App. 4th

24   at 715 (emphasis in the original).

25       The court in *Strigliabotti* similarly acknowledged *Bowen's* holding that

26   Section 17200 does not apply to securities transactions. In *Strigliabotti*, the

27   plaintiffs sued a mutual fund adviser, claiming that it had a practice of

28   charging excessive fees.  The Court distinguished *Bowen*, noting that its

16

A/72703711.1/0328316-0000333931

1  holding concerning the inapplicability of Section 17200 to securities

2  transactions "does not encompass all situations where securities are

3  somehow implicated but not purchased or sold." 2005 WL 645529, at *9.

4  The court found that Section 17200 could be used to challenge an alleged

5  practice of "overcharg[ing] investors" because that allegation was not

6  sufficiently connected to securities transactions to invoke the *Bowen* rule.

7  *Id.*[3]

8      Here, the allegations have much more than an attenuated connection

9  to securities transactions. Indeed, the essence of Plaintiff's claim is that

10  MFS improperly directed securities transactions to SAI and Bullock.

11  Plaintiff has sued its "securities broker" (Bullock), Compl. ¶ 7, the securities

12  brokerage firm for whom he worked (SAI), Compl. ¶ 8, and MFS for its

13  alleged undisclosed payment of securities brokerage commissions to SAI,

14  allegedly because "MFS expected that sales of MFS securities would

15  increase as a result of the arrangement." Compl. ¶ 20. The Complaint is

16  replete with allegations about the Plan's "investments" in securities. *See*

17  Compl. ¶¶ 7, 9, 14, 16-18, 31, 36. The *Bowen* rule plainly applies given the

18  allegations of the Complaint at issue.

19

20

21

22

_____

23  [3] The other case plaintiff cites, *Roskind v. Morgan Stanley Dean Witter & Co.*, 80 Cal.

24  App. 4th 345 (2000), was decided before *Bowen* and does not even rule on the scope of
    Section 17200. *Bowen* discussed and distinguished *Roskind*, a case that addressed

25  "only" whether federal securities laws "preempt section 17200 claims" and *not* "whether
    that section and its federal counterpart apply to securities transactions at all." *Bowen*,

26  116 Cal. App. 4th at 789-90. *See also Roskind*, 80 Cal App. 4th at 347 (concluding
    "there is no provision of federal law that *preempts* a state law cause of action under the

27  UCL in these circumstances") (emphasis added). *Roskind* cannot reasonably be read
    to limit *Bowen*.

28

REPLY IN SUPPORT OF DEFENDANT MASSACHUSETTS FINANCIAL
SERVICES COMPANY'S MOTION TO DISMISS

A/72703711.1/0328316-0000333931

### 3. The Section 17200 Causes Of Action Are Barred By The Statute Of Limitations

#### a. The Discovery Rule Does Not Apply To Section 17200

Plaintiff's Section 17200 claims are subject to a four-year statute of limitations. The Complaint -- based on Plaintiff's allegations that MFS directed commissions to Bullock -- expressly acknowledges that "MFS suspended all of its directed commission practices" in November 2003, more than four years before the Complaint was filed on June 17, 2008. Compl. ¶ 37. Plaintiff nonetheless argues that the statute of limitations is tolled under the discovery rule, which "'postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover the cause of action." Opp. at 10, *quoting Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005).

Plaintiff fails to cite a single case holding that the discovery rule applies to a cause of action arising under Section 17200. *Grisham v. Philip Morris U.S.A.*, 40 Cal. 4th 623, 635 n. 7 (2007) assumed, for the purpose of argument, that the discovery rule applied, but expressly did "not address it" because its application was not dispositive. *Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1295 (2002) stated in dicta that the statute of limitations "will *probably* run from the time a reasonable person would have discovered the basis for a claim" but made no holding regarding the application of the discovery rule to Section 17200 claims (emphasis added).

Ultimately, the case law is not, as Plaintiff suggests, unsettled. Opp. at 10, n.2. California Business and Professions Code § 17208 specifically states "[a]ny action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued." Several courts, including the Ninth Circuit, have interpreted this statute to

18

1   expressly preclude application of the discovery rule to Section 17200

2   claims.  *See, e.g., Karl Storz Endoscopy Am., Inc. v. Surgical Tech., Inc.*,

3   285 F.3d 848, 857 (9th Cir. 2002) ("claims under California Business and

4   Professions Code § 17200 *et seq.* were subject to a four-year statute of

5   limitations which began to run on the date the cause of action accrued, *not*

6   *on the date of discovery.*") (emphasis added); *Snapp & Assocs. Ins. Serv.*

7   *v. Malcolm Bruce Burlingame Roberston*, 96 Cal. App. 4th 884, 891 (2002)

8   ("The 'discovery rule,' which delays accrual of certain causes of action until

9   the plaintiff has actual or constructive knowledge of facts giving rise to the

10   claim, *does not apply* to unfair competition actions.   Thus, 'the statute

11   begins to run . . . *irrespective of whether the plaintiff knew of its accrual*,

12   unless plaintiff can successfully invoke the equitable tolling doctrine.'")

13   (*quoting Stutz Motor Car of America v. Reebok Intern., Ltd.*, 909 F. Supp.

14   1353, 1363 (C.D. Cal. 1995) (emphasis added)).

### b.   The Doctrine of Equitable Tolling Does Not Apply

17   The doctrine of equitable tolling cannot revive Plaintiff's expired

18   Section 17200 claims.  "The burden of alleging facts which would give rise

19   to tolling falls upon the plaintiff.  That burden does not arise only after a

20   motion to dismiss; rather, plaintiff must plead with particularity the

21   circumstances surrounding the concealment and state facts showing his

22   due diligence in trying to uncover the facts." *Hinton v. Pacific Enter.*, 5 F.3d

23   391, 395 (9th Cir. 1993) (internal quotations and citations omitted).   To

24   establish that equitable tolling applies, a plaintiff must plead and prove: (1)

25   fraudulent conduct by the defendant resulting in concealment of the

26   operative facts that are the basis of the cause of actions; (2) plaintiff's

27   failure to discover the operative facts; and (3) due diligence by the plaintiff

28   until discovery of those facts.  *Sagehorn v. Engle*, 141 Cal. App. 4th 452,

19

460-61 (2006).   "Absent a fiduciary relationship, nondisclosure is not fraudulent concealment--affirmative deceptive conduct is required." *Long v. Walt Disney Co.*, 116 Cal. App. 4th 868, 874 (2004).

Here, Plaintiff has alleged no factual basis to support equitable tolling. Plaintiff has not alleged that MFS engaged in fraudulent conduct, much less that such fraud resulted in facts being concealed.  The Section 17200 counts, in particular, state nothing to this effect.   Compl. ¶¶ 79-97. Moreover, Plaintiff now concedes that MFS is not Plaintiff's fiduciary.  Thus, in order to invoke equitable tolling, the plaintiff would have had to allege --and it did not -- affirmative deceptive conduct, rather than nondisclosure. The Complaint alleges neither Plaintiff's failure to discover the operative facts nor its due diligence pending discovery.   Thus, the Plaintiff failed to allege equitable tolling.[4]

### c.   A Conspiracy Theory Cannot Save Plaintiff's Section 17200 Claims

Finally, the Plaintiff's argument that it specifically alleged a conspiracy between the Defendants, and thus the statute of limitations has not expired

---

[4] Even if the discovery rule or equitable tolling could apply (which they cannot for the reasons stated), that would not help Plaintiff, because Plaintiff has long been on inquiry notice of the claims. *See Snapp & Assocs.*, 96 Cal. App. 4th at 890-91 (equitable tolling does not apply -- even if the defendant has gone to great lengths to conceal wrongdoing -- where the plaintiff had notice of a potential claim).  Under California law, a plaintiff is on notice when it knows or should have known the essential facts. *See Jolly v. Eli Lilly & Co.* 44 Cal. 3d 1103, 1112 (1988) (a plaintiff is under a duty to reasonably investigate their claim; a suspicion of wrongdoing commences the limitations period); *Sterlin v. Biomune Sys. Inc.,* 154 F.3d 1191, 1203-04 (10th Cir. 1998) (*Barron's* article questioning whether company was to create a viable product or simply sell shares was sufficient to create inquiry notice among shareholders of fraud by defendants).  Here, the Complaint alleges that MFS was publicly censured by the SEC and that "[t]he allegations regarding MFS are *based upon* the censure and other public documents." Compl. ¶ 37 (emphasis added).  That censure took place on March 31, 2004, when MFS entered into a public settlement agreement with the SEC.  Thus, Plaintiff had inquiry notice of the essential elements of its Section 17200 causes of action and a suspicion of wrongdoing on March 31, 2004, more than four years before it filed its Complaint.

A/72703711.1/0328316-0000333931

1   is wholly without merit.   Plaintiff argues that a conspiracy claim has not

2   expired because a conspiracy claim accrues only after commission of the

3   last "overt act."   This argument is baseless for the fundamental reason that

4   the Complaint does not allege a conspiracy.   The word "conspiracy" does

5   not even appear in the Complaint.   Moreover, even for the selective

6   purpose for which Plaintiff now raises a conspiracy theory, by the very

7   words of the Complaint, MFS's last "overt act" occurred more than four

8   years ago.   *See* Compl. ¶ 25 ("In November 2003, MFS suspended all of its

9   directed commission practices");   Compl. ¶ 37 (March 2004 "public

10  document" disclosed MFS's directed commission practices).[5]

11         **4.     Plaintiff Lacks Standing To Bring A**
               **Section 17200 Cause Of Action**
12

13         Plaintiff's bare bones assertion in the Complaint that it "suffered injury

14  in fact" and "lost money or property" does not establish that it has standing

15  to bring a Section 17200 cause of action.   In fact, the case to which Plaintiff

16  cites to support its standing argument is directly on point -- in MFS's favor.

17  In *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 (2008), the court dismissed

18  the plaintiff's Section 17200 claim without leave to amend because he

19  failed to plead injury in fact and loss of money or property.   "He expended

20  money by paying Time $29.51 [for a book which was the subject of the

21

22  _____

23  [5] The court should not credit Plaintiff's statement that ¶ 50 of the Complaint states a
    separate "conspiracy" claim.   "To state a cause of action for conspiracy, a complaint
24  must allege (1) the formation and operation of the conspiracy; (2) the wrongful act or
    acts done pursuant thereto; and (3) the damage resulting from such act or acts.   The
25  *sine qua non* of a conspiratorial agreement is the knowledge on the part of the alleged
    conspirators of its unlawful objective and their intent to aid in achieving that objective."
26  *Schick v. Lerner*, 193 Cal. App. 3d 1321, 1327-28 (1987) (internal citations omitted).
    Plaintiff's allegation that the defendants were "aware of the fact that each engaged in
27  activity that breached their obligations" without an allegation that they intended to aid in
    the commission of the others' wrongdoing, is not sufficient to state a cause of action for
28  civil conspiracy.   Compl. ¶ 50.

A/72703711.1/0328316-0000333931

1    dispute] - but he received a book in exchange.  He did not allege he did not

2    want the book, the book was unsatisfactory, or the book was worth less

3    than what he paid for it."  *Id.*

4        Here, similarly, Plaintiff has not alleged that it did not receive the MFS

5    mutual fund shares for which it paid, that the mutual funds were

6    unsatisfactory, or that they were worth less than what Plaintiff paid for

7    them.  The thrust of Plaintiff's argument is simply that MFS did not disclose

8    to the Plan that brokerage commissions directed to SAI had been paid to

9    Bullock.    There is no allegation that these commissions represented

10   anything other than the fair payment by MFS mutual funds for trade

11   execution services by SAI – or that the MFS mutual funds would have paid

12   less had they used a firm other than SAI for the needed trade execution

13   services.    In short, the Complaint alleges no facts from which it can

14   reasonably be inferred that the directed commission practices injured the

15   Plan or caused it to lose money or property.  As in *Animal Legal Defense*

16   *Fund v. Mendez*, 160 Cal. App. 4th 136, 147 (2008); *Hall*, 158 Cal. App. 4th

17   at 855; and *Chavez v. Blue Sky Natural Beverage Co.*, 503 F. Supp. 2d

18   1370, 1373 (N.D. Cal. 2007), the Section 17200 claims should be

19   dismissed for lack of standing because Plaintiff does not state facts to

20   support its assertion that it was injured and lost money or property due to

21   MFS' alleged directed commissions practice.

22       **C.**    **Plaintiff Should Not Be Granted Leave To**
             **Amend The Complaint Because Such**

23                **Amendment Would Be Futile**

24       Leave to amend should be denied where, as here, amendment

25   would, as a matter of law, be futile.  *Miller v. Yokohama Tire Corp.*, 358

26   F.3d 616, 622-23 (9th Cir. 2004).  Not only does the Complaint fail to state

27   a claim for which relief can be granted, Plaintiff has already taken the

28   opportunity in its opposition to reinvent the Complaint and has broadcast

A/72703711.1/0328316-0000333931

1   the content of the amended complaint it seeks leave to file.  This effort to

2   "replead by brief" merely emphasizes that the identified facts on which

3   Plaintiff relies do not give rise to a viable cause of action.  Amendment

4   would not result in any change among the relationships of the parties, nor

5   would it transform the mutual fund assets into "plan assets".  Amendment

6   would not prevent the state law claims from being preempted as a matter of

7   law, nor would it revive claims that are expired, given Plaintiff's frank

8   acknowledgement that the conduct for which MFS is allegedly culpable

9   ceased in November 2003.  Nor would any amendment make Plaintiff's

10  requested relief available, given the circumscribed remedies offered by

11  ERISA.  Because Plaintiff has failed to suggest how these legal defects

12  could be cured, MFS should not have to undergo the expense of moving to

13  dismiss an amended complaint that would be defective for the exact

14  reasons that the current Complaint is defective.  The Court should thus

15  deny leave to amend the Complaint as to all claims.

16  **III.    CONCLUSION**

17       For the many reasons set forth above and in MFS's moving brief, this

18  Court should dismiss all counts in Plaintiff's Complaint with prejudice.

19

20  DATED:  October 20, 2008

21                              Bingham McCutchen LLP

22

23

24       By:          /S/  Susan Hoffman

                    Susan L. Hoffman
25                  Frances S. Cohen
                    Josephine Deang
26                  Karen Pazzani
                 Attorneys for Defendant
27          Massachusetts Financial Services
                      Company

28

1

## **PROOF OF SERVICE**

2         I am over eighteen years of age, not a party in this action, and

3  employed in Los Angeles County, California at 355 South Grand Avenue,

4  Suite 4400, Los Angeles, California  90071-3106.  I am readily familiar with

5  the practice of this office for collection and processing of correspondence

6  for mail/fax/hand delivery/next business day Federal Express delivery, and

7  they are deposited that same day in the ordinary course of business.

8         On October 20, 2008, I served the attached:

9

10  **REPLY IN SUPPORT OF DEFENDANT MASSACHUSETTS FINANCIAL SERVICES COMPANY'S MOTION TO DISMISS**

11

12  ☐    (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

13

14  ☐    (BY MAIL) by causing a true and correct copy of the above to be

15        placed in the United States Mail at Los Angeles, California in sealed envelope(s) with postage prepaid, addressed as set forth

16        below.  I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the

17        United States Postal Service.  Correspondence is deposited with

18        the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

19

20  ☐    (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered

21        by Federal Express in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

22

23  ☐    (PERSONAL SERVICE) by causing a true and correct copy of the above documents to be hand delivered in sealed

24        envelope(s) with all fees fully paid to the person(s) at the

25        address(es) set forth below.

      ☐    (VIA EMAIL) by transmitting via email the document(s) listed

26        above on this date before 5:00 p.m. PST to the person(s) at the

27        email address(es) set forth below.

28

24

A/72703711.1/0328316-0000333931

1   ☒        (BY UNITED STATES DISTRICT COURT ELECTRONIC FILING

2            SERVICE) on the parties as set forth below:

3
     Alan M. Mansfield, Esq.                Joe R. Whatley, Esq.
4    Rosner & Mansfield, LLP                Whatley Drake & Kallas, LLC
     10085 Carroll Canyon Road             1540 Broadway, 37th Floor
5    Suite 100                              New York, New York 10036
     San Diego, CA 92131-1100              Tel: (212) 447-7070
6    Tel: (858) 348-1005                    Fax: (212) 447-7077
                                            jwhatley@wdklaw.com
7    Fax: (858) 348-1150
     alan@rosnerandmansfield.com
8                                           Attorneys for Plaintiff
     Attorneys for Plaintiff
9    Glen M. Connor, Esq.                   Ben Suter, Esq.
     Whatley Drake & Kallas, LLC            Keesal Young & Logan
10   1000 Park Place Tower                  450 Pacific Avenue
     2001 Park Place North                  San Francisco, CA 94133
11   Birmingham, AL 35203                   Telephone:  (415) 398-6000
12   Tel: (205) 328-9576                    Fax:  (415) 981-0136
     Fax: (205) 328-9669                    ben.suter@kyl.com
13
14   Attorneys for Plaintiff                Attorneys for Defendant Michael
                                            Bullock dba Innovative Employee
15                                          Benefits Programs

16
     Lori V. Minassian, Esq.               Dean M. Jeske, Esq.
17   Foley & Lardner LLP                    Foley & Lardner LLP
     555 South Flower Street, Ste. 3500     321 N. Clark Street, Ste. 2800
18   Los Angeles, CA 90071                  Chicago, IL  60654-5313
19   Tel: 213-972-4500                      Tel: 312-832-4500
     Fax: 213-486-0065                      Fax: 312-832-4700
20   lminassian@foley.com                   djeske@foley.com

21   Attorneys for Securities America       Attorneys for Securities America
22   Inc.                                   Inc.

23       I declare that I am employed in the office of a member of the bar of this

24   court at whose direction the service was made and that this declaration was executed

25   on October 20, 2008, at Los Angeles, California.

26

27                                          _____
                                                    Gloria Moonesinghe
28

                                          25
A/72703711.1/0328316-0000333931