O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES  v. MICHAEL L. BULLOCK, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiff: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS (No Proceedings Held)


## I.   INTRODUCTION

On June 17, 2008, Plaintiff Board of Trustees of the IATSE Local 33 Section 401(k) Plan, an employee benefit pension plan, sued Defendants Michael L. Bullock, Securities America, Inc. ("SAI"), and Massachusetts Financial Services Company ("MFS").  Plaintiff claims that Bullock, SAI, and MFS entered into an undisclosed agreement under which SAI and Bullock, alleged Plan fiduciaries, would promote investments in MFS funds in return for which MFS would direct extra commission payments to SAI and Bullock.  The complaint states five claims under ERISA and three claims under California Business and Professions Code § 17200 *et seq*.

On October 16, 2008, this Court held that the claims against Bullock and SAI must be arbitrated by the Financial Industry Regulatory Authority ("FINRA").  MFS is therefore the only defendant remaining in this Court, and it has brought a motion to dismiss the claims with prejudice.  It contends that Plaintiff has no cause of action under ERISA because MFS is neither a Plan fiduciary nor a "party in interest," and because MFS did not transfer any Plan assets to Bullock or SAI.  It also contends that the state law claims must be dismissed because they are preempted by ERISA, section 17200 does not apply to securities transactions, the statute of limitations has run, and Plaintiff does not have standing to bring the claims.

The Court GRANTS the motion to dismiss with prejudice in part and DENIES it in part.  Specifically, the Court dismisses with prejudice the Complaint's first three ERISA

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES v. MICHAEL L. BULLOCK, *et al.* | | |

claims, because they all depend on the allegation, now abandoned by Plaintiff, that MFS is a Plan fiduciary. The Court dismisses with prejudice the Complaint's fourth and fifth ERISA claims because they depend on the unsupportable allegation that MFS is a "party in interest." The Court holds that the state law claims are not completely preempted by ERISA because they do not fall within the scope of ERISA's civil enforcement provisions. In the absence of complete preemption, the Court has only supplemental jurisdiction over the claims, and must consider the interests of economy, convenience and fairness to the parties, and comity, in deciding whether to exercise that jurisdiction. Having weighed those factors, the Court will not assert supplemental jurisdiction over the state law claims and dismisses them without prejudice.

## II.     BACKGROUND

The IATSE Local 33 Section 401(k) Plan Board of Trustees is the representative and plan sponsor of the IATSE Local 33 Section 401(k) Plan. Compl. ¶ 5. The Plan is a multi-employer employee benefit pension plan, under which participants have individual accounts. *Id.* ¶ 6. Plaintiff alleges that the Plan hired Defendant Michael L. Bullock to provide objective investment advice, to assist the Trustees in complying with their fiduciary responsibilities, and to ensure that investment options offered to Plan participants were reasonable and prudent. *Id.* ¶ 7. At all relevant times, Bullock was allegedly an advisory affiliate of SAI, a general securities broker dealer. *Id.* ¶ 8. The Complaint alleges that Bullock and SAI were Plan fiduciaries and "parties in interest," as those terms are defined by the Employee Retirement Income Security Act (ERISA). *Id.* ¶¶ 47-48.

MFS is allegedly a registered investment advisor and a mutual fund company that owns and operates various mutual funds. *Id.* ¶ 9. The Complaint alleges that MFS provided services to the Plan, for which it was compensated. *Id.* ¶¶ 9, 18, 48. Specifically, the Complaint alleges that "Plan participants were offered the opportunity to invest in MFS mutual funds, based upon the advice of Bullock and MFS. MFS received fees from Plan assets as a result of these investments. MFS also provided other services to the Plan, including record keeping services. MFS received fees from Plan assets for the services it rendered." *Id.* ¶ 18. The Complaint alleges that as a result of providing these services MFS was a Plan fiduciary and a "party in interest." *Id.* ¶¶ 47-48.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES  v. MICHAEL L. BULLOCK, *et al.* | | |

  The gravamen of the Complaint is that Bullock and SAI negotiated agreements with MFS whereby Bullock and SAI would promote the sale of MFS funds in return for additional commission fees paid by MFS.  *Id.* ¶¶ 19-26, 31-32.  The Complaint alleges that none of the defendants disclosed these agreements to the Plan.  *Id.* ¶¶ 28-30, 33, 36.  The Complaint also states that the SEC censured MFS for this activity, and that the National Association of Security Dealers (NASD) fined SAI and charged Bullock with violations of its rules.  *Id.* ¶¶ 37-39.

  The first three counts of the Complaint allege that Defendants violated ERISA by breaching their fiduciary duties to the Plan as a result of, among other things, "[a]greeing that the Plan would pay – directly or indirectly – fees and expenses that were, or are, unreasonable or not incurred solely for the benefit of Plan participants and beneficiaries"; "[f]ailing properly to inform and/or disclose to the Trustees the fees and expenses that are, or have been, paid by the Plan"; "[c]harging hidden and excessive fees to the Plan"; "[a]cting in transactions involving the Plan with parties whose interests were adverse to the Plan"; and "[r]eceiving consideration for its or his own personal account from parties dealing with the Plan regarding transactions involving Plan assets."  Compl. ¶ 53.[1]  The claims seek remedies under 29 U.S.C. §§ 1132(a)(2) and (a)(3), including restoration to the Plan of losses experienced as a result of the alleged breaches of fiduciary duty, disgorgement of any payments received, an accounting of all transactions occurring in connection with the Plan and its assets, a surcharge for all amounts for which Defendants cannot account, and equitable restitution.  Compl. ¶¶ 54-74.

  The Complaint alleges a fourth ERISA claim, under 29 U.S.C. § 1106(a), alleging that Defendants engaged in "prohibited transactions."  These include transactions "constitut[ing] a direct or indirect sale or exchange of property between the Plan and a party in interest, the furnishing of services to the Plan by a party in interest, or a transfer to, use by or for the benefit of a party in interest of Plan assets."  Compl. ¶ 76.  Plaintiff alleges that "[t]he transactions were not within any exception provided in 29 U.S.C. § 1108."  *Id.*

---

  [1] The Complaint has two paragraphs numbered "53."  This citation refers to the first one, spanning pages 15 and 16.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES v. MICHAEL L. BULLOCK, *et al.* | | |

The Complaint's fifth and final ERISA claim is brought under 29 U.S.C. § 1106(b). It alleges that Defendants "[d]ealt with assets of the Plan in his or her interest or for his or her own account"; "[a]cted in a transaction involving the Plan on behalf of a Party whose interests were adverse to the interests of the Plan or the interests of its participants or beneficiaries"; or "[r]eceived consideration for his personal account from any party dealing with the Plan in connection with transaction [sic] involving the assets of the Plan." Compl. ¶ 78.

It is telling that all of the purported ERISA claims for relief are imprecise and almost blunderbuss. They recite statutory language, true, but tend to lump together the various defendants as if all were culpable for every supposed ERISA violation.

Finally, the Complaint brings three claims under California Business and Professions Code § 17200, *et seq.*, also known as California's Unfair Competition Law (UCL). The first claim alleges that "[t]he business practices alleged herein are unlawful under [ERISA]" and are therefore violations of the "unlawful prong" of the UCL. Compl. ¶¶ 82-83. The second claim alleges that the acts alleged in the complaint constitute "unfair business acts and practices" under the UCL. Compl. ¶ 86. The third claim alleges that the acts constitute "fraudulent business acts and practices" under the UCL. Compl. ¶ 93.

On October 16, 2008, this Court held that the claims against Bullock and SAI must be arbitrated by the Financial Industry Regulatory Authority ("FINRA"). MFS is therefore the only defendant remaining in this Court, and has brought this motion to dismiss. On October 27, 2008, the Court held a hearing on the motion, and subsequently took it under submission.

### III. MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

#### A. Standards Governing Rule 12(b)(6) Motions

On a motion to dismiss for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES v. MICHAEL L. BULLOCK, *et al.* | | |

(9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

> only a short and plain statement of the claim showing that the pleader is entitled to relief," in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES v. MICHAEL L. BULLOCK, *et al.* | | |

Cir. 1986). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. and Pro.* § 1363 (3d ed. 2004).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

    **B.**    **Claims Under ERISA**

        1.    <u>MFS is not a Plan fiduciary and so cannot be liable for breaches of fiduciary duty</u>

Plaintiff's first three ERISA claims seek remedies under 29 U.S.C. § 1132(a)(2) and (a)(3) for alleged breaches of MFS's fiduciary duty. Compl. ¶¶ 51-74. MFS contends that these claims should be dismissed with prejudice because MFS was not a Plan fiduciary, for two reasons. First, it falls into a statutory provision generally establishing the non-fiduciary status of investment advisers to mutual funds, 29 U.S.C. § 1002(21)(B). Second, the Complaint's allegations are insufficient to support the conclusion that MFS undertook any fiduciary functions as to the Plan. Mot. at 10-13. MFS also argues that even if it were a fiduciary it did not breach any fiduciary duty because the alleged payments to Bullock and SAI were not made from plan assets. *Id.* at 14-15.

The Court need not delve into the merits of these arguments because Plaintiff has abandoned its allegation that MFS is a fiduciary. Although Plaintiff's Opposition to the Motion to Dismiss does not explicitly jettison its original claim, it nowhere asserts that MFS is a fiduciary. Instead, Plaintiff now argues that "[t]he facts alleged in the Complaint demonstrate that MFS was a *non-fiduciary* party in interest that engaged in prohibited transactions with a fiduciary to the plan (Bullock or SAI) in violation of 29 U.S.C. § 1106." Opp. at 4 (emphasis added). *See also* Opp. at 1 ("The MFS Motion ignores the significant factual and legal allegations in the Complaint, which demonstrate

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES v. MICHAEL L. BULLOCK, *et al.* | | |

that MFS was a party in interest to the Plan and made payment [sic] to the fiduciary to encourage the Plan to engage in transactions with MFS.")

Because it would be futile to amend claims that depend upon the discarded allegation that MFS is a Plan fiduciary, the Court dismisses with prejudice the Complaint's first three ERISA claims.

> 2. <u>MFS is not a "party in interest" and cannot be liable as such for violations of 29 U.S.C. §§ 1106(a) and (b)</u>

The Complaint's fourth and fifth ERISA claims allege that MFS engaged in transactions prohibited by ERISA §§ 406(a) and (b), codified at 29 U.S.C. §§ 1106(a) and (b). Compl. ¶¶ 75-78. Subsection (a) of that provision prohibits certain transactions between an ERISA-governed plan and a party in interest. Subsection (b) prohibits certain transactions between a plan and a fiduciary. Although both claims were premised on the stated allegation that MFS was a Plan fiduciary, Plaintiff now contends that MFS is liable under those provisions as a "party in interest," as that term is defined by ERISA. Opp. at 3-6. Defendant replies that it is not a "party in interest," because ERISA creates a specific exemption to party-in-interest liability for mutual funds and mutual fund advisers.

The Court agrees that this exemption applies, and dismisses the fourth and fifth claims.[2] It dismisses the claims with prejudice because Plaintiff has made clear that its only basis for asserting that MFS is a "party in interest" is that MFS provided the opportunity for others to invest plan assets in mutual funds. This is not a sufficient basis for invoking an exception to the statutory exemption.

---

[2] The claims must also be dismissed for the more technical reason that they are brought directly under ERISA § 406, 29 U.S.C. § 1106(a). Claims related to violations of that section may only be brought under ERISA § 502, 29 U.S.C. § 1132(a). The Court need not address MFS's additional argument that it did not engage in "prohibited transactions," because even if MFS did engage in such transactions, under ERISA's statutory exemption it cannot be held liable as a party in interest, for reasons explained below.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES  v. MICHAEL L. BULLOCK, *et al.* | | |

ERISA defines a "party in interest" as one who "provid[es] services" to an ERISA plan.  29 U.S.C. § 1002(14)(B).  The Complaint is vague as to which services provided by MFS would or could make it a party in interest, but Plaintiff's Opposition to the Motion to Dismiss makes clear that it is basing its claim on the allegation that "Plan participants were offered *the opportunity to invest in MFS mutual funds*," and that "MFS received fees from Plan assets as a result of these investments."  Compl. ¶ 18 (emphasis added); Opp. at 4-5.

MFS replies that ERISA explicitly states that mutual fund investment advisers shall not be "parties in interest" simply by virtue of investments made in securities issued by the investment company.  Reply at 7.  Specifically, ERISA provides that

> If any money or other property of an employee benefit plan is invested in securities issued by an investment company registered under the Investment Company Act of 1940 [15 U.S.C.A. § 80a-1 et seq.], such investment shall not by itself cause such investment company or such investment company's investment adviser or principal underwriter to be deemed to be a fiduciary or a party in interest as those terms are defined in this subchapter, except insofar as such investment company or its investment adviser or principal underwriter acts in connection with an employee benefit plan covering employees of the investment company, the investment adviser, or its principal underwriter.

29 U.S.C. § 1002(21)(B).

This exemption makes clear that investment in a mutual fund "shall not by itself cause such investment company or such investment company's investment adviser" to be a party in interest.  The court concludes that when such an adviser receives fees in return for providing "the opportunity to invest" in mutual funds, the transaction is not sufficiently distinct from the investment itself to create an exception to this exemption. The Court agrees with the observation made by another district court that "the Plan's payment of a broad range of costs normally associated with mutual fund transactions, including shareholder service fees, transfer agent fees, Rule 12b-1 fees, administrative fees, registration and reporting fees, expenses for reports to shareholders, postage and stationery fees, audit and legal fees, custodian fees, and state and local taxes" are "normal

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES v. MICHAEL L. BULLOCK, *et al.* | | |

incidents of investment in mutual fund shares, so that to adopt [Plaintiff's] argument would effectively eviscerate the statutory exemption of mutual funds from the prohibited transactions rules." *Boeckman v. A.G. Edwards, Inc.*, No. 05-658-GPM, 2007 WL 4225740, at *3 (S.D. Ill. Aug. 31, 2007).

In addition, the legislative history of 29 U.S.C. § 1002(21)(B) makes clear that Congress did not want mutual funds generally to be held liable under ERISA. As MFS points out, Congress carved mutual funds and their advisers out of ERISA's "fiduciary" and "party in interest" definitions because the mutual funds were already subject to regulation under other statutes:

> Since mutual funds are regulated by the Investment Company Act of 1940 and, since (under the Internal Revenue Code) mutual funds must be broadly held, it is not considered necessary to apply the fiduciary rules to mutual funds merely because plans invest in their shares. Therefore, [ERISA § 401(b)(1), 29 U.S.C. § 1101(b)(1)] provides that the mere investment by a plan in the shares of a mutual fund is not to be sufficient to cause the assets of the fund to be considered the assets of the plan. (However, a plan's assets will include the shares of a mutual fund held by the plan.)
>
> [ERISA § 3(21)(B), 29 U.S.C. § 1002(21)(B)] also provides that a mutual fund is not to be considered a fiduciary or a party-in-interest merely because a plan invests in its shares, except that the mutual fund may be a fiduciary or party-in-interest if it acts in connection with a plan covering the employees of the investment company, the investment adviser, or its principal underwriter.

H.R. Rep. No. 93-1280 at 296 (1974) (Conf. Rep.).[3]  Holding non-fiduciary, non-party-

---

[3] This does not mean that Congress intended that otherwise prohibited transactions would be considered lawful just because they involve mutual funds. The same Conference Report states that "[s]ince [ERISA § 406(a)(1), 29 U.S.C. § 1106(a)(1)] prohibits both direct and indirect transactions, it is expected that where a mutual fund, *e.g.*, acquires property from a party-in-interest as part of the arrangement under which the plan invests or retains its investment in the mutual fund, this is to be a prohibited

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES v. MICHAEL L. BULLOCK, *et al.* | | |

in-interest mutual funds liable for allegedly prohibited transactions would undermine Congress's intent that ERISA not normally impose additional regulations on mutual funds.

The Court thus holds that MFS is not a "party in interest" and cannot be held liable as such. The Court therefore dismisses Plaintiff's fourth and fifth ERISA claims with prejudice.

### C. State Law Claims

MFS argues that ERISA preempts the remaining claims, all brought under California Business and Professions Code §§ 17200, *et seq.*, also known as California's Unfair Competition Law ("UCL"). In addition, MFS argues that if the claims are not preempted, they must be dismissed because (a) section 17200 does not apply to claims relating to securities transactions; (b) the claims are barred by the statute of limitations, because neither the discovery rule nor the doctrine of equitable tolling apply; and (c) Plaintiff lacks standing to bring section 17200 claims because it has not alleged any monetary loss. The Court need only decide the preemption question, and holds that the claims are not "completely preempted." In the absence of complete preemption the Court has only supplemental jurisdiction over the state law claims and the Court holds that it would be imprudent to assert that jurisdiction. The Court therefore dismisses the state law claims without prejudice.

---

transaction." *Id.* at 5089. Similarly, a Department of Labor Interpretive Bulletin cited by Plaintiff states that "for example, if there is an arrangement under which a plan invests in, or retains its investment in, an investment company and as part of the arrangement it is expected that the investment company will purchase securities from a party in interest, such arrangement is a prohibited transaction." *DOL Interpretive Bulletin 75-2* (July 28, 1975), 29 C.F.R. 2509.75-2(c). But the fact that certain transactions involving mutual funds are prohibited does not mean that the fund is liable under ERISA for those transactions. The Conference Report's explanation of the exemption in 29 U.S.C. § 1002(21)(B) supports the conclusion that it is not, because it is regulated under other statutes.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES v. MICHAEL L. BULLOCK, *et al.* | | |

        1.      <u>"Complete preemption" vs. "conflict preemption"</u>

      MFS contends that Plaintiff's UCL claims are preempted because they "relate to" the Plan. Plaintiff conceded at the October 27, 2008 hearing that if the Court determines that MFS is a party in interest then its UCL claims are preempted, but it argues that if MFS is neither a fiduciary nor a party in interest then its relationship to the Plan is not regulated by ERISA and its UCL claims are therefore not preempted. Neither party has discussed an important threshold question: whether the state law claims are "completely preempted."

      Although a federal court always has jurisdiction to determine its own jurisdiction, in order to consider whether state law claims in a pleading are preempted by ERISA, the court must first determine that the claims are of the type that could be "completely preempted." The complete preemption doctrine provides that "Congress may so completely preempt a particular area that *any* civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (emphasis added).

      In the ERISA context, complete preemption applies only when the plaintiff brings claims that both "relate to" an ERISA plan within the meaning of 29 U.S.C. § 1144(a) *and* fall within the scope of ERISA's civil enforcement provisions found in 29 U.S.C. § 1132(a). *Toumajian v. Frailey*, 135 F.3d 648, 654 (9th Cir. 1998). If a plaintiff's claim may be preempted under § 1144(a) but the claim does not fall within ERISA's civil enforcement scheme, then only "conflict" preemption may be present, and the possibility of conflict preemption, without more, does not convert a state law claim into a claim arising under federal law. *Id.* at 655.

      Plaintiff's claims do not fall within ERISA's civil enforcement scheme. In *Toumajian v. Frailey, supra*, Toumajian sued in state court seeking damages for the alleged negligence of Frailey, an accountant hired to set up and administer a pension and profit plan. Frailey removed the action to federal court alleging that ERISA preempted the claims. The district court dismissed the complaint on the ground that it was preempted by ERISA. The Ninth Circuit reversed, finding that the action was removed improperly in the first place and therefore the district court lacked jurisdiction to dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES v. MICHAEL L. BULLOCK, *et al.* | | |

the complaint. The Ninth Circuit noted that

> Section 1132(a) of ERISA, by its express terms, limits the causes of action that are available under the statute, as well as by whom and against whom they may be brought. For example, in what is the most common cause of action under ERISA, § 1132(a) authorizes a plan participant or beneficiary to bring a civil action to recover benefits due her under the plan or to enforce her rights under the plan or clarify her rights to future benefits under the terms of the plan. § 1132(a)(1)(B).
>
> Participants and beneficiaries, along with plan fiduciaries, depending on their respective roles, are authorized to bring actions for appropriate relief for breach of fiduciary duty or for injunctions or to obtain other appropriate equitable relief to redress an ERISA violation or to enforce the terms of the plan or the provisions of ERISA. § 1132(a)(2) & (a)(3). Participants and beneficiaries may also bring an action for appropriate relief against a plan administrator who failed to provide certain enumerated benefit statements or who failed to comply with a request for information. § 1132(a)(1)(A) & (a)(4).

*Toumajian*, 135 F.3d at 656. The Ninth Circuit concluded that Toumajian did not seek relief under any of these provisions of § 1132(a). For example, he did not assert that Frailey was an administrator of the plan who failed to provide him with benefits information. Nor did he seek equitable relief to address any violations or enforce any provisions of ERISA. He sought only compensatory money damages for professional malpractice. *Id.* The Ninth Circuit also noted that "[the defendant] has failed to demonstrate that claims in [the plaintiff's] original complaint fall within § 1132(a). Neither in its notice of removal nor in its initial motion to dismiss did [Defendant] argue that [Plaintiff sought a remedy under § 1132(a)]. [¶] Importantly, [Defendant] did not claim to be an administrator or fiduciary of the plan." *Id.* at 656-57.

Like *Toumajian*, the Ninth Circuit's decision in *Abraham v. Norcal Waste Systems, Inc.*, 265 F.3d 811 (9th Cir. 2001) is instructive. In that case the plaintiffs brought suit in state court, alleging only state law causes of action related to transactions made in the wake of a leveraged buyout of company stock. The defendants removed the case to federal district court on the basis of complete preemption by ERISA, but the Ninth

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES v. MICHAEL L. BULLOCK, *et al.* | | |

Circuit held that removal was improper in part because ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), did not encompass the plaintiffs' claims. There were two relevant grounds for its conclusion. First, the state law claims were "based upon rights that arise under state law . . . not upon any rights that are conferred, enforced, or governed by ERISA (nor upon a violation of the terms of a plan)." *Id.* at 824. Second, the transactions at issue were not prohibited under 29 U.S.C. § 1106(a)(1)(B) because of express statutory exemptions in 29 U.S.C. § 1108. *Id.* at 821, 824.

Like plaintiffs in both *Toumajian* and *Abraham*, IATSE is not seeking any relief that can be provided by 29 U.S.C. § 1132(a). As explained above, because 29 U.S.C. § 1002(21)(B) exempts MFS from liability as a "party in interest," § 1132(a)(3), which allows a fiduciary to enforce the provisions of ERISA, is inapplicable. For these reasons the Court concludes that ERISA does not completely preempt Plaintiff's state law claims.

      2.      <u>Supplemental jurisdiction</u>

Having held that Plaintiff's state law claims are not completely preempted, the Court must now decide whether it may, and should, exercise jurisdiction over those claims. In this case the Court's federal question jurisdiction was originally based on Plaintiff's claims under ERISA. *See* 29 U.S.C. § 1132(e)(2). The Court has now dismissed those claims. Therefore, the Court may decide the remaining challenges to the state law claims, including whether MFS has a defense of conflict preemption under ERISA, only if (a) the Court has diversity jurisdiction, or (b) the Court decides to exercise supplemental jurisdiction over the state law claims. The Complaint does not allege any basis for diversity jurisdiction. Therefore the Court may decide the state law claims only if it has supplemental jurisdiction.

Section 1367(a) of Title 28 states that

> [e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES v. MICHAEL L. BULLOCK, *et al.* | | |

controversy under Article III of the United States Constitution.

In *Gibbs*, the United States Supreme Court broadly authorized federal courts to assert jurisdiction over state law claims when "[t]he state law claim[s] . . . derive from a common nucleus of operative fact" and the claims are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966). All of Plaintiff's claims derive from MFS's alleged payments to Bullock and SAI, and the Court therefore has supplemental jurisdiction over the Plaintiff's state law claims.

A district court may decline to assert supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). *See, e.g., Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001). Supplemental jurisdiction should be declined when doing so serves the objectives of economy, convenience and fairness to the parties, and comity. *Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925-26 (9th Cir. 2003). But "[i]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (quoting *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991)).

The elimination of the federal claims in this case is not unusual. If this Court were to address the merits of whether the UCL claims are preempted—and it is far from obvious that they are—it would then be faced with a host of state law issues raised by MFS. At least some of those issues appear to involve contested and unresolved areas of state law. In the interest of comity these issues are best left to the state court. As to economy, and convenience and fairness to the parties, this case—filed in June of this year and nowhere close to trial—is not at such an advanced stage that it would be prudent to assert supplemental jurisdiction. The Court therefore dismisses the state law claims without prejudice.

## IV.    CONCLUSION

For the foregoing reasons the Court GRANTS in part and DENIES in part MFS's

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3949 AHM (SSx) | Date | November 5, 2008 |
|---|---|---|---|
| Title | IATSE LOCAL 33 SECTION 401(K) PLAN BOARD OF TRUSTEES v. MICHAEL L. BULLOCK, *et al.* | | |

Motion to Dismiss.[4]  Specifically, the Court dismisses with prejudice Plaintiff's claims under ERISA.  It dismisses without prejudice Plaintiff's claims under California state law.

                                                                                                           :

Initials of Preparer                SMO

---

[4] Docket No. 26.